IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian J. Coll, | ) | C/A No.: 1:21-3712-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Hank Alamia; CO Thomas; CO Brown; CO Williams; Lt. McCoy; Lt. Tucker; Lt. Hankerson; Capt. Goodman; AW Mendosa; AW Acting Warden Winfield; Regional Director; Director of BOP; BOP; US Attorney General; United States, | ) ) ) ) ) ) ) ) | ORDER AND NOTICE |
| | ) | |
| Defendants. | ) ) | |

Brian J. Coll ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] against Hank Alamia, CO Thomas, CO Brown, CO Williams, Lt. McCoy, Lt. Tucker, Lt. Hankerson, Capt. Goodman, AW Mendosa, AW Acting Warden Winfield, Bureau of Prisons ("BOP"), Regional Director of BOP; Director of BOP, US Attorney General, and the United States (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

1

authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual Background

Plaintiff alleges Defendants placed Alamia, who he alleges was known to be dangerous, in Plaintiff's cell. [ECF No. 1 at 8]. Plaintiff states he told "staff" and "3 COs" to move Alamia from his cell, but was told that McCoy did not want Alamia alone. *Id.* He alleges that on October 14, 2020 at approximately 4:55 a.m., Alamia struck him 30 times with the power-pack to his CPAP machine, including 15 times to his head. *Id.* at 12. Plaintiff states he received stiches and x-rays and sustained injuries. He alleges he has severe headaches, hears voices, ringing in his ears, and cannot sleep well. *Id.* at 13.

II.  Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim

7based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain

3

sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

> B.  Analysis
>> 1.  Insufficient allegations as to individual defendants

Plaintiff's complaint contains no factual allegations against the individual defendants. Plaintiff claims he asked different correctional officers to move Alamia, but he does not state their names. Although he alleges he was told McCoy did not want Alamia alone, he does not provide any allegations that McCoy knew of specific danger to Plaintiff. Therefore, Plaintiff has not alleged sufficient facts allowing the court to find any particular individual is potentially liable to him.

>> 2.  No supervisory liability

To the extent Plaintiff has sued any defendant in their supervisory capacity, such as a warden, acting warden, regional or general director of the BOP, or United States Attorney General, he has failed to state a claim under *Bivens*. The doctrine of supervisory liability is generally inapplicable to *Bivens* suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir.

4

1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

### 3. Sovereign Immunity

Under the principle of sovereign immunity, individuals may not sue the United States or its agencies, such as the BOP, without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. United States Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit); *see also Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) ("If a federal prisoner in a [Federal Bureau of Prisons ("BOP")] facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer. . . . The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts."

*Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999); *see also Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("*Bivens* did not abolish the doctrine of sovereign immunity of the United States. Any remedy under *Bivens* is against federal officials individually, not the federal government."). Therefore, the BOP and the United States are subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **December 13, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

November 22, 2021                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge